IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REV. PATRICK HUGH RONALD
MORRISON,

        Plaintiff,

    v.

JAMIE MILLER, Superintendent, Snake River
Correctional Institution; and OREGON
BOARD OF PAROLE AND POST-PRISON
SUPERVISION,

        Defendants.

Case No. 2:23-cv-01152-YY

ORDER

**BAGGIO, District Judge:**

    Magistrate Judge You issued a Findings and Recommendation on June 9, 2025, in which she recommends that this Court deny Petitioner Rev. Patrick Hugh Ronald Morrison's Petition for Writ of Habeas Corpus and enter a judgment of dismissal. F&R, ECF No. 42. The matter is now before the Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b).

1 – ORDER

Petitioner filed timely objections to the Magistrate Judge's Findings and Recommendation. *See* Pet'r's Obj., ECF No. 48. When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1); *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

The Court has carefully considered Petitioner's objections and reviewed the pertinent portions of the record *de novo*. The Court agrees with Magistrate Judge You that Grounds Two through Five of the Petition are procedurally defaulted and that Petitioner has not demonstrated the state habeas court unreasonably applied clearly established federal law. The Court, however, disagrees that "[t]he state court's conclusion that the 1989 [good-time release] calculation was in error" is unreviewable by this Court. F&R 10. Although Magistrate Judge You is correct that "state-court determinations on state-law questions" are unreviewable by federal habeas courts, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991), here, the state habeas court's conclusion was not based on state law. Rather, the state habeas court relied on Petitioner's Multnomah County Circuit Court and Clackamas County Circuit Court sentencing orders, and Respondent's supporting declarations to conclude that Petitioner's 1989 good-time release date was a clerical error. *See* Suppl. Exs. Answer ("Suppl. Exs.") Ex. 126, at 6-8, ECF No. 31 (referencing the state habeas court's "Findings and Ruling of the Court" granting Respondent's Motion to Dismiss). Because this conclusion is not a state-court determination on a state-law question, it must be reviewed pursuant to 28 U.S.C. § 2254(d)(2).

Under 28 U.S.C. § 2254(d)(2):

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that

> was adjudicated on the merits in State court proceedings unless the adjudication of the claim . . . resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"A federal habeas court cannot overturn a state court decision on factual grounds 'unless objectively unreasonable in light of the evidence presented in the state-court proceeding.'" *Delfin v. Fhuere*, No. 6:24-CV-00706-SI, 2025 WL 1555500, at *4 (D. Or. June 2, 2025) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003)). This is a "daunting standard—one that will be satisfied in relatively few cases, especially because we must be particularly deferential to our state-court colleagues." *Hernandez v. Holland*, 750 F.3d 843, 857 (9th Cir. 2014) (citation modified).

Here, the Court concludes that the state habeas court did not make an unreasonable determination of the facts when it found that Petitioner's 1989 good-time release date was in error. The state habeas court relied on Petitioner's sentencing orders, which explicitly require Petitioner's Clackamas County sentence to run consecutively to his Multnomah County sentence. *See* Suppl. Exs. Ex. 123, at 9-13. And the court relied on the declaration of Dianne Erickson—a Policy Manager within the Offender Information and Sentence Computation Division at the Oregon Department of Corrections ("ODOC")—who concluded, based on personal knowledge and a review of Petitioner's ODOC records, that the original calculation of Petitioner's good-time date was a clerical error. *Id.* at 1-4. In light of this evidence, the Court cannot conclude that the state habeas court dismissed Petitioner's Petition based on an unreasonable determination of the facts.

///

///

///

3 – ORDER

**CONCLUSION**

The Court ADOPTS Magistrate Judge You's Findings and Recommendation [42]. Therefore, Petitioner's Petition for Writ of Habeas Corpus [2] is DENIED. Because Petitioner has not made a substantial showing of the denial of a constitutional right, the Court DENIES the issuance of a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 12th day of September, 2025.

_____
AMY M. BAGGIO
United States District Judge

4 – ORDER